UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DOYLE MOOMEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1664-NCC |
| | ) | |
| LARRY CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion for leave to proceed *in forma pauperis*, filed by petitioner Michael Doyle Moomey. The motion will be granted, and the petition will be dismissed without prejudice.

Petitioner commenced this action on June 14, 2017. He submitted his pleading on a form used for bringing claims under 28 U.S.C. § 2254. He avers that his petition relates to a case in St. Charles County Court, cause number 1611-CR06931. Review of Missouri state court records shows that petitioner is presently awaiting trial on charges of violation of an order of protection for an adult. *See State v. Michael Doyle Moomey*, Case Number 1611-CR06931 (11th Jud. Cir. Jun. 15, 2017).[1] As of the date of this Memorandum and Order, the case is suspended pending petitioner's mental evaluation. The case has been continued on six occasions, most recently on March 2, 2017, April 27, 2017 and June 15, 2017 at the request of the defense, and it appears that petitioner has been represented by counsel throughout the proceedings.

To the extent petitioner seeks relief pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal because petitioner is not in custody under a state court judgment. However, state

---

1 The Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

detainees may be able to seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241. The Court will therefore construe petitioner's claim as having been brought pursuant to § 2241.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy). Even so, a petition must contain enough facts to state a claim as a matter of law, and must not be merely conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

In this case, petitioner claims "unlawful containment due to right to speedy trial." (Docket No. 1 at 5). In support, he states his counsel was inadequate, counsel attended court without him, his bond has not been reduced to his satisfaction, he has been denied the right to face his accuser, and he is being held on hearsay. Petitioner's allegations are conclusory at best. He alleges no facts which, if proved, would demonstrate that he has been deprived of a right to a speedy trial. In addition, it is not apparent what "speedy trial" law petitioner believes has been violated. "The question of whether the state violated its own speedy trial statute is a matter for

the state courts" and is not cognizable on federal habeas review.² *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Petitioner's allegations do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies such that he could demonstrate a deprivation of his right to speedy trial. It appears that his claim can be adequately raised with his retained counsel, at his criminal trial and in his subsequent state proceedings, and the Court will therefore dismiss the petition at this time, without prejudice.

The Court has also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

---

2 Review of petitioner's state court case shows that, since March of 2017, his case has been continued at the request of the defense. When a defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Adams*, 691 S.W.2d 432 (Mo. Ct. App. 1985); *State v. Cannon*, 692 S.W.2d 357 (Mo. Ct. App. 1985); *State v. Daly*, 731 S.W.2d 315 (Mo. Ct. App. 1987); *State v. Clark*, 723 S.W.2d 17 (Mo. Ct. App. 1986).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this __27th_____ day of June, 2017.

                           \s\  Jean C. Hamilton
                           JEAN C. HAMILTON
                           UNITED STATES DISTRICT JUDGE